```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLYDE GREEN                     :    CIVIL ACTION
                                :
        v.                      :
                                :
JON D. FISHER, et al.           :    NO. 10-5521
```

ORDER

AND NOW, this 6th day of December, 2011, upon consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the respondents' response thereto, the petitioner's objections to the Report and Recommendation, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport (Docket No. 13), IT IS HEREBY ORDERED that:

      1. The Report and Recommendation is APPROVED and ADOPTED;

      2. The petitioner's objections are OVERRULED;

      3. The Petition for Writ of Habeas Corpus is DISMISSED and DENIED without an evidentiary hearing; and

      4. Petitioner has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

      5. The Clerk of Court shall mark this case closed for statistical purposes.

The Court discusses below only objections that were not addressed in the Report and Recommendation. To the extent the petitioner's objections merely rehash arguments in his habeas petition, the Court adopts the Report and Recommendation.

1. Petitioner Green objects to the Report and Recommendation's conclusion regarding his actual innocence claim under Schlup v. Delo.[1] Objs. at 8-9. The Report and Recommendation concludes that the rape kit evidence on which Green relies does not qualify as "new" evidence because it was known at the time of trial and not wrongly excluded. R&R at 20, id. at 20 n.7. Green objects that evidence does not have to be newly discovered to be considered in a Schlup gateway claim.

The case law is not clear regarding whether evidence excluded under state rape shield law constitutes "new" evidence under Schlup. In Houck v. Stickman, the Third Circuit indicated that evidence is "new" only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence. See 625 F.3d 88, 94 (3d Cir. 2010). The Houck court, however, did not explicitly address whether excluded

---

[1] The Court interprets the petitioner's claim of "actual innocence" as a gateway claim under Schlup v. Delo through which the Court could consider procedurally defaulted constitutional claims on the merits, not as a stand-alone claim, which is not cognizable in a non-capital habeas. See Herrera v. Collins, 506 U.S. 390, 400 (1993); Albrecht v. Horn, 485 F.3d 103, 121-22 (3d Cir. 2007).

evidence qualifies as evidence that was not available at trial.[2]

Nevertheless, the Court need not opine here on whether evidence excluded under state rape shield law constitutes "new" evidence under Schlup because the petitioner has failed to show by a preponderance of the evidence that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Houck, 625 F.3d at 93 (citing Schlup v. Delo, 513 U.S. at 327).

The Schlup standard for proving actual innocence is a high one that requires more than merely establishing the existence of reasonable doubt. The Court must assess the probative force of the new evidence in connection with the evidence of guilt adduced at trial. Schlup, 513 U.S. at 332. The new evidence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Id. at 316. In a case where new evidence calls into question the credibility of the witnesses presented at trial, the

---

[2] In addition, Schlup itself is not entirely clear on whether and what kind of excluded evidence qualifies as new evidence. Compare Schlup v. Delo, 513 U.S. 298, 327 (1995) ("[T]he district court is not bound by the rules of admissibility that would govern at trial.") and id. at 327-28 (the reviewing tribunal can consider relevant evidence that was "either excluded or unavailable at trial") with id. at 328 (the habeas court must make its determination regarding actual innocence in light of all the evidence, including evidence "tenably claimed to have been wrongly excluded or to have become available only after the trial").

habeas court may have to make some credibility assessments. Id. at 330.

The excluded rape kit evidence, which did not contain petitioner Green's DNA but did contain DNA from another individual, does not meet that high standard for actual innocence under Schlup.

First, the jury was already aware that a rape kit was conducted on the victim and that no DNA from the rape kit came from Green. N.T. 7/8/04 at 27-29; id. at 35. Indeed, the jury acquitted the petitioner of the rape and sexual assault charges, but convicted the petitioner of involuntary deviate sexual intercourse and aggravated sexual assault. Thus, introducing rape kit evidence that shows the absence of Green's DNA does not establish that no reasonable juror would have voted to convict. Cf. Hubbard v. Pinchak, 378 F.3d 333, 341 (3d Cir. 2004) (lack of forensic evidence linking petitioner to the crime does not bolster actual innocence claim because jury reviewed the same record en route to convicting him).

Second, the presence of another individual's semen in the rape kit does not rise to the level of fundamentally calling into question the reliability of Green's conviction. As a preliminary matter, the presence of another individual's semen is of questionable relevance to the petitioner's conviction for involuntary deviate sexual intercourse, which predicate acts do

not necessarily result in semen deposits in the complainant's vagina. Indeed, Pennsylvania rape shield law recognizes the "minimal probative value of a complainant's sexual history." Commonwealth v. Jones, 826 A.2d 900, 908 (Pa. Super. Ct. 2003). Furthermore, the defense theory in Green's case was not that the crime was committed by another perpetrator, but rather that the victim fabricated the alleged attack in retaliation for being asked to leave Green's home.

Therefore, although the rape kit might provide a limited basis for some degree of impeachment of the prosecution's main witness, the Court is not convinced that Green has produced evidence sufficient to show that no reasonable juror would have convicted him in light of the new evidence.

Lastly, even if Green had made out an actual innocence claim for the Court to consider his procedurally defaulted constitutional claims, Green has presented no objections to the Report and Recommendation's conclusions on the merits of Green's procedurally defaulted claims. See R&R at 21-24, 27 n.11.


2. Instead, the petitioner's objections raise several new claims that were not in his habeas petition and therefore not reviewed by the Magistrate Judge. Green brings new ineffective assistance of counsel claims based on counsel's: (1) failure to object to the "variance" in the jury charge regarding

"unconsciousness" at trial;[3] (2) unreasonable advice not to testify at trial; and (3) failure to object to judicial partiality.  See Objs. at 11-25.  Green also brings a claim that he was denied his right to a fair trial when the trial court failed to give a curative instruction in light of the prosecutor's mischaracterization of the evidence in the closing argument.  Id. at 26.

Numerous courts, including courts in this district, have found it proper to refuse to hear claims not first presented to the assigned magistrate judge.  See Kirk v. Meyer, 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003) (collecting cases).  This is because the purpose of the Magistrates Act would be frustrated if a district court was required to consider a claim presented for the first time after the party has fully but unsuccessfully litigated his claims before the magistrate judge.  Id.  Indeed, the Local Rules of Civil Procedure in the Eastern District of Pennsylvania reflect this position.  Under Local Rule 72.1.IV(c), new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge unless the interest of justice requires it.  Local R. Civ. P. 72.1.IV(c).  Thus, the

---

[3] The petitioner brought a due process claim in his habeas petition based on these facts.  However, the petition did not raise an ineffective assistance of counsel claim based on the same.

Court declines to consider the new claims that were not presented to the magistrate judge.

Accordingly, the Court overrules the petitioner's objections and approves and adopts the Report and Recommendation as outlined herein. The petition for a writ of habeas corpus is therefore dismissed and denied.

BY THE COURT:


<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.